UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

v.

LUDIVINA MARTINEZ

Case No. 2:15-cr-00234-MHH-TFM-2

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

(COMPASSIONATE RELEASE)

## Memorandum Opinion and Order

Ludivina Martinez has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on health concerns related to the COVID-19 pandemic. (Doc. 55). Ms. Martinez is serving a 108-month sentence for a drug crime. (Doc. 45, pp. 1-2). The United States opposes Ms. Martinez's request for compassionate release. (Doc. 70).

Ms. Martinez is incarcerated at Aliceville FCI in Aliceville, Alabama, with a projected release date of February 3, 2023. FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited June 15, 2022). Ms. Martinez is 51 years old; she was 44 years old at the time of sentencing. (Doc. 44, p. 2); FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/

(last visited June 15, 2022).  In her motion for compassionate release, Ms. Martinez contends that she suffers from type two diabetes, hypertension, high cholesterol, obesity, "high BMI," and "thyroids," all of which increase the risk of serious illness if she were to contract COVID-19.  (Doc. 55, p. 1).

Under 18 U.S.C. § 3582, as amended by the First Step Act, district courts generally cannot alter or modify a term of imprisonment, but a district court may reduce an inmate's term of imprisonment upon receipt of a motion for sentence modification from either the Bureau of Prisons or the prisoner after the prisoner exhausts her administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  When a prisoner has exhausted her administrative remedies, a district court may modify the prisoner's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The relevant United States Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A), setting forth a handful of enumerated "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A) & cmt. 1.  Those circumstances are:  (A) a serious medical condition affecting the defendant; (B) the defendant's age; (C) certain family

circumstances; and (D) "Other Reasons." U.S.S.G. § 1B1.13 cmt. 1. The serious medical condition circumstance applies when an inmate is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [she] . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A). Application Note 1(D)'s "Other Reasons" provision is a catchall that applies to reasons other than, or in combination with, those described in Application Notes (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. 1(D).

The Eleventh Circuit Court of Appeals recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 "governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. The Court of Appeals stated that district courts should apply the catchall provision, Application Note 1(D), as written, such that the BOP, not the district court, determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling." *Bryant*, 996 F.3d at 1264–65. As a result, district courts in the Eleventh Circuit may not identify "'other reasons'"

under Application Note 1(D) that may "justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248.[1]

With these principles in mind, we turn to Ms. Martinez's motion. As noted, before a prisoner seeks relief from a district court, she first must exhaust her administrative remedies. (Doc. 177, pp. 3-5). In *United States v. Harris*, the Eleventh Circuit Court of Appeals held that the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule. 989 F.3d 908, 910-11 (11th Cir. 2021). "Claim-processing rules require that the parties take certain procedural steps at certain specified times," and the rules "may be mandatory in the sense that a court must enforce the rule if a party properly raises it. *Harris*, 989 F.3d at 911 (quoting *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019)) (internal quotation marks omitted). The Government concedes that Ms. Martinez exhausted her administrative remedies. (Doc. 70, p. 5).

---

[1] In *Bryant*, the Eleventh Circuit acknowledged that its holding regarding the catchall provision departs from the seven Circuit Courts of Appeals which, when the Eleventh Circuit issued *Bryant*, had concluded that the policy statement does not apply to prisoner-filed motions for compassionate release. *See Bryant*, 996 F.3d at 1252 (citing *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021)). Since *Bryant*, the D.C. Circuit Court of Appeals, the First Circuit Court of Appeals, and the Third Circuit Court of Appeals have joined the other seven circuits in finding that the policy statement does not apply to defendant-filed motions for compassionate release. *United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021); *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022); *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).

Though Ms. Martinez has exhausted her administrative remedies, she has not shown that she satisfies one of the grounds for relief under U.S.S.G. § 1B1.13. *See* 18 U.S.C. § 3582(c)(1)(A); *Bryant*, 996 F.3d at 1262. According to the Centers for Disease Control and Prevention, type two diabetes, hypertension, and obesity "place a person at higher risk of severe illness from COVID-19." CENTERS FOR DISEASE CONTROL AND PREVENTION, *COVID-19 Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 15, 2022). But the fact that Ms. Martinez's "medical conditions might put [her] at some increased risk of serious illness due to COVID-19 does not, by itself, mandate a finding of an extraordinary and compelling reason under section 1B1.13." *United States v. Morrow*, No. 21-10141, 2021 WL 3629822, at *2 (11th Cir. Aug. 17, 2021). Ms. Martinez has not demonstrated that her medical conditions "substantially diminish[] [her] ability . . . to provide self-care within the environment of a correctional facility."[2]

Additionally, Ms. Martinez is not old enough to qualify for compassionate release based on her age. And she has not alleged a family circumstance that warrants early release. As noted, under *Bryant*, only the BOP can identify "other

---

[2] Ms. Martinez is vaccinated against COVID-19. (Doc. 70-1, pp. 27-29). Ms. Martinez has been seen by the prison medical staff and received medication to treat her conditions during the pandemic. (Docs. 70-1, 70-2). Thus, there is no evidence before the Court that indicates that Ms. Martinez is unable to provide self-care.

reasons" for compassionate release outside the enumerated reasons listed in the policy statement, and Ms. Martinez has not demonstrated that the BOP has indicated that the conditions at Aliceville FCI during the COVID-19 pandemic provide a basis for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(D); *Bryant*, 996 F.3d at 1264–65.

Accordingly, the Court denies Ms. Martinez's request for compassionate release without prejudice.

**DONE** and **ORDERED** this June 16, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE